The People of the State of New York ex rel. The Hudson River Connecting Railroad Corporation, Respondent, Appellant, v. State Tax Commission, Appellant, Respondent.

(Town of Schodack, 1925 and 1926.)

The People of the State of New York ex rel. The Hudson River Connecting Railroad Corporation, Appellant, v. State Tax Commission, Respondent.

(Town of Coeymans 1925 and 1926.)

(Consolidated Proceedings.)

Third Department, June 27, 1935.

*John J. Bennett, Jr., Attorney-General [Timothy F. Cohan* and *Edward J. Grogan, Jr., Assistant Attorneys-General,* of counsel], for the State Tax Commission.

*Clive C. Handy [Frederick L. Wheeler* and *Edwin B. Collister* of counsel], for the relator.

Hill, P. J. Appeal from final judgments and orders in certiorari proceedings to review special franchise assessments. Relator, a New York State railroad corporation, owns and operates a railroad which connects the New York Central and West Shore railroad lines. The terminii are Stuyvesant on the easterly side of the Hudson river, and Feura Bush on the westerly side. For

about 1,000 feet its tracks are laid upon a bridge which it has constructed over the Hudson river and Schodack creek. The State Tax Commission assessed this bridge as a special franchise for the years 1925 and 1926. It is located in the towns of Schodack, Rensselaer county, and Coeymans, Albany county. Upon the trial of the issues raised in the certiorari proceedings to review the assessments, the referee decided that as no part of Schodack creek is within the town of Coeymans, the assessment for each year in that town should be confirmed; that the assessment in the town of Schodack for the year 1925 should be reduced from $682,416, as fixed by the Commission, to $537,579, and for the year 1926 from $712,383, as fixed by the Commission, to $565,184. The ground for the reduction was the referee's finding that Schodack creek is not a navigable stream, and that the portion of the bridge which is over it is not the proper subject of a special franchise tax. Relator has appealed from the entire assessment upon the ground that the bridge was built by authority of Congress given under the commerce clause of the United States Constitution, and that a State is without power to levy a tax upon a franchise granted by the United States government. Further, that relator holds title to a portion of the land upon which the piers of the bridge rest and that in so far as there is private ownership, a special franchise tax may not be levied. The Commission appeals from that portion of the decision which reduces the assessment in Schodack, asserting the navigability of Schodack creek.

A bridge over a navigable stream is taxable as a special franchise. (Tax Law, § 2, subd. 6; *People ex rel. N. Y. C. R. R. Co.* v. *Tax Comm.*, 239 N. Y. 183.) The ownership of lands under a navigable stream by a railroad corporation does not confer the right to construct or operate its railroad over the stream. (*People ex rel. N. Y. C. R. R. Co.* v. *Tax Comm.*, supra; *People ex rel. Lehigh Valley R. Co.* v. *Tax Comm.*, 247 N. Y. 9.)

By the adoption of the United States Constitution, the State conferred upon Congress the power to regulate commerce with foreign nations and among the several States. The words used in the commerce clause of the Constitution are to receive a broad and liberal application. (*Gilman* v. *Philadelphia*, 3 Wall. [U. S.] 713; *United States* v. *Chandler-Dunbar Co.*, 229 U. S. 53.) Under the grant of power the Congress may regulate shipping and even the stream itself by deepening, turning one channel into another, removing obstructions; structures or bridges may not be built in or over a navigable stream without the consent of Congress. However broad the power of the Congress may be in connection with commerce in navigable streams, it must be limited to those

things necessary to regulate commerce with foreign nations and among the several States. It had no rights in the Hudson or in other navigable waters not connected with navigation and commerce. (*Groat* v. *Moak*, 94 N. Y. 115; *People* v. *International Bridge Co.*, 223 id. 137, 145; *Little Falls Fibre Co.* v. *Ford & Son, Inc.*, 249 id. 495.) Congress by the several acts authorizing the building of this bridge, removed and waived the general prohibitions against the placing of an obstruction in a navigable stream. It had no other effect or purpose. (*Little Falls Fibre Co.* v. *Ford & Son, Inc., supra.*)

The findings of fact made by the referee sustain the conclusion that the Schodack creek is navigable. (*People ex rel. Lehigh Valley R. Co.* v. *Tax Comm., supra.*) The evidence would sustain additional findings of fact indicating navigability. The decision of the referee and the final judgment and order as to the town of Schodack should be modified and the assessment in that town for the two years involved should be determined to be the amount as fixed by the State Tax Commission.

RHODES, McNAMEE, CRAPSER and BLISS, JJ., concur.

Judgment and order as to the assessment for 1925 in the town of Schodack modified to determine that Schodack creek is navigable and public water and a public highway and that the special franchise assessment in the amount of $229,900 full valuation upon that part of the bridge upon, under and above the waters of Schodack creek is legal and proper. Judgment and order as to the assessment for 1926 in the town of Schodack is similarly modified, the additional amount of full valuation for that year being $230,000. The judgments and orders as to assessments in the town of Schodack as so modified are affirmed, with costs. The judgments and orders as to assessments in the town of Coeymans are affirmed, with costs.

The court reverses the following findings of fact in the decision as to the town of Schodack: No. 14 of that portion of the decision captioned " Findings of fact " and modifies No. 12 in the same portion of the decision by adding the words " Schodack creek " after the word " river." The court also reverses the findings of fact contained in that part of the decision captioned " Conclusions of law " numbered 5 and 8 and modifies No. 6 by striking therefrom the following, " $537,579," and substituting therefor " $682,416 " and also modifies No. 7 by striking therefrom the following, " $565,184," and substituting therefor " $712,383."